UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x

UNITED STATES OF AMERICA

        -v-                                          JUDGMENT INCLUDING SENTENCE
LUIS HERMAN DIAZ                                     UNDER THE SENTENCING REFORM ACT
T/N LUIS HERNAN DIAZ           P.M. _____
                              TIME A.M. _____ CASE NUMBER: CR-05-120 (ARR)
-----------------------------------------------x   JAN ROSTAL, ESQ
                                                   16 COURT STREET, 3rd FL.
                                                   BROOKLYN, NEW YORK 11241
                                                   Defendant's Attorney & Address

THE DEFENDANT:
XXX   pleaded guilty to count one of the indictment.
___   was found guilty on counts
                                            after a plea of not guilty.
      Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the
following offenses:


TITLE & SECTION                 NATURE & OFFENSE               COUNT NUMBER(S)
21 USC 952(a),                  IMPORTATION OF HEROIN.         ONE (1)
      960(a)(1) &
      960(b)(3)


The defendant is sentenced as provided in pages 2 through    of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___   The defendant has been found not guilty on count(s)              and is discharged as
      to such count(s).
XXX   Remaining counts are dismissed on the motion of the United States.
XXX   It is ordered that the defendant shall pay to the United States a special
      assessment of $100.00 which shall be due  XXX immediately  ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this
district within 30 days of any change of residence or mailing address until all fines,
restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec #_NONE_____          _____JULY 12, 2005_____
                                              /Date of Imposition of Sentence
Defendant's Date of Birth_

Defendant's Mailing Address:                  _____
                                              (ALLYNE R. ROSS, U.S.D.J.
CALLE 30, #213IDA
BARRIO BENJAMIN HERRERA                        _____JULY 12, 2005_____
CALI, COLOMBIA                                            Date

Defendant's Residence Address:                    A TRUE COPY ATTEST
                                              Date:_____
                                                  ROBERT C. HEINEMANN
      ( SAME AS ABOVE )                             CLERK OF COURT
_____
                                              By:_____


                                                   DEPUTY CLERK

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of twenty one (21) months.

**XXX**  The Court makes the following recommendations to the Bureau of Prisons:
THAT THE DEFT BE HOUSED AT A FACILITY WHERE HIS PSYCHICAL PROBLEMS CAN BE ADDRESSED.

____  The defendant is remanded to the custody of the United States Marshal.

____  The defendant shall surrender to the United States Marshal for this district,

        ____  at _____a.m./p.m. on _____.

        ____  as notified by the Marshal.

____  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

        ____  before 12:00 noon on _____.

        ____  as notified by the United States Marshal.

        ____  as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this Judgment.

_____
United States Marshal

By_____

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) IF EXCLUDED; DEFT SHALL NOT RE-ENTER THE UNITED STATES ILLEGALLY.
2) DEFTS SHALL NOT POSSESS ANY FIREARMS.

____    The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ 100.00   , consisting of a fine of $ N/A      and a special assessment of $ 100.00 .

\_\_\_ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

This sum shall be paid \_\_\_ immediately

                      \_\_\_ as follows:

**XXX** The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

         \_\_\_ The interest requirement is waived.
         \_\_\_ The interest requirement is modified as follows:

THE COURT:  Well, let me say that although I feel I'm somewhat in the dark on the issue of aberrant behavior, I do think Ms. Rostal is correct that on this particular record, there is nothing before me to demonstrate that the Bureau of Prisons has in fact done anything for him when he is in a very impaired physical condition.  There is nothing in this record to suggest anything about the accuracy of Ms. Rostal's statements.

I don't know whether or not a particular placement in the future may bring a different kind of medical care but it's clear to me that he has suffered far more than he should have suffered for the time he has already been incarcerated.  And I think because of that this is a fact and circumstance relating to Mr. Herman Diaz that's important to take into consideration in fashioning an appropriate sentence in this case.

Let me say obviously that his conduct, the crime itself, is a serious one; it merits a serious sentence.  But we are also dealing with someone who has literally been falling apart since he arrived and has received very little treatment.

And I am in agreement with Ms. Rostal that in light of his age, his background, the likelihood of recidivism, which I consider at this point time to be zero, the fact he will be deported, the serious deterioration of his condition

1   while he has been in prison, that a sentence below the

2   guidelines is more indicated in this case.

3           I can't agree with defense counsel in terms of the

4   length of sentence that was suggested in her letter. But I do

5   believe that the goals of sentencing as enumerated in the

6   statute would be amply satisfied by a sentence of 21 months to

7   be followed by a three-year period of supervised release with

8   the special condition that if deported, the defendant not

9   illegally reenter the United States, prohibit the possession

10  of a firearm.

11          I make a finding that he is unable to pay a fine but

12  I will impose the mandatory $100 special assessment. And I

13  make a strong recommendation to the Bureau of Prisons that he

14  be designated to an institution that can care for what is

15  really his obvious documented serious physical problems.

16          Are there any open counts?

17          MR. ELLIOT: Yes, I believe Count Two. We move to

18  dismiss.

19          THE COURT: Motion is granted.

20          Mr. Herman Diaz, there are circumstances in which a

21  defendant may appeal the sentence; I'm not sure it's going to

22  apply in your case. But if you chose to appeal, a notice of

23  appeal must be filed within ten days and an attorney will

24  continue to represent you on appeal.

25          MS. ROSTAL: Thank you, your Honor.

1    THE DEFENDANT:  Thank you very much.

2    (The matter was concluded.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25